[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO RELOCATE
The plaintiff/father herein has filed certified copy of the final decree of divorce, and the parties having stipulated to certain perceived irregularities in connection with their providing of a complete record of the Texas proceedings, including transcripts, the court proceeded to a hearing on matters concerning the minor child of the parties.
The defendant/mother filed a motion for modification of the decree to award custody to her and the court after hearing denied said motion as of record appears.
The Texas decree and its pertinent part in connection with child custody and visitation was dated April 25, 1996 and in pertinent part provides, "the court having considered the circumstances of the parents and the child finds the following orders are in the best interest of the child:
It is ordered and decreed that the petitioner, Miguel A. Cintron and the respondent, Cristina R. Cintron, are appointed Joint Managing Conservators of the child.
It is ordered and decreed that Miguel A. Cintron and Cristina R. Cintron as Joint Managing Conservator shall each retain the right to receive information from the other concerning the health, education and welfare of the child and to the extent possible, the right to confer with the other before making a decision concerning the health, education and welfare of the child.
It is ordered and decreed that Miguel A. Cintron and Cristina R. Cintron shall each retain the following rights: CT Page 9738
 1. to have access to medical and dental, psychological and educational records of the child;
 2. to consult with any physician, dentist or psychologist of the child;
 3. to consult with school officials concerning the child's welfare and educational status including school activities;
4. to attend school activities;
 5. to be designated on every record as the person to be notified in case of an emergency; and
 6. to manage the estate of the child to the extent the estate has been created by the parent or the parent's family.
It is ordered and decreed that during their respective periods of possession Miguel A. Cintron and Cristina R. Cintron shall retain the following rights, duties and power:
 1. the right to physical possession and to direct the moral and religious training of the child;
 2. the duty to care, control, protection and reasonable discipline of the child;
 3. the duty to support the child, including providing the child with clothing, food, shelter and medical and dental care not involving an invasive procedure; and
 4. the power to consent to medical, dental and surgical treatment during an emergency involving an immediate danger to the health and safety of the child.
It is ordered and decreed that Miguel A. Cintron, petitioner, shall have the exclusive right to determine the residence and domicile of the child (emphasis added).
It is ordered and decreed that Miguel A. Cintron, petitioner and Joint Managing Conservator, shall also have the exclusive right to receive and get receipt for periodic payments for the support of the child, to hold or disburse these funds for the CT Page 9739 benefit of the child.
It is ordered and decreed that at all time, Miguel A. Cintron, as Joint Managing Conservator, shall have the following rights, duties and power:
 1. the power to consent to medical, dental and surgical treatment involving invasive procedures in psychiatric and psychological treatment;
 2. the power to represent the child in legal actions and to make other decisions of substantial legal significance concerning the child;
 3. the power to consent to marriage and to the enlistment in the armed forces of the United States;
4. the right to the services and earnings of the child;
 5. except when a guardian of the child's estate or attorney ad litem has been appointed for the child, the power as an agent of the child to act in relation to child's estate as the child's action is required by state, the United States or foreign government;
 6. the right to make education decisions on behalf of the child; and
 7. the right to manage the estate of the child to the extent the estate has been created by community property or a joint property of the parents."
It is also noted that decree continued and further created Cristina R. Cintron as the secondary Joint Managing Conservator of the child with many of the capacities granted to her that were granted to her husband. The court ordered that Miguel A. Cintron should have possession of the child at all times not specifically awarded in this decree to Cristina R. Cintron or otherwise mutually agreed by the parties. It was further ordered that Cristina R. Cintron should have possession of the child at all times mutually agreeable to the parties and, failing mutual agreement as follows: it is noted herein, that the Texas court entered very specific orders of visitation to be implemented if Cristina lived 100 miles or less from Miguel including periods of time in the summer upon the giving of the prescribed notice, CT Page 9740 summer vacations, and provision for possession of the child during certain holidays.
For our purposes herein, the Texas decree resulted in the creation of what we term a joint custodial arrangement with the primary residence of the child being designated as being with the father.
Shortly after the Texas decree entered, the plaintiff having been discharged from the U.S. Air Force, the parties removed themselves and the child back to Connecticut. By agreement with the husband he drove the car back and the mother and child flew back by plane.
The husband undertook to initially to have custody of the child living with his parents and reasonable agreed visitation with the mother who was living with her parents.
The husband is qualified and further qualified himself with education received subsequent to their return to Connecticut at Worcester Polytech Institute in the computer field. He has one notable attribute in that he is bilingual, speaking English and Spanish with some fluency in French. The bilingual capacity is what has endowed him with a special employment capability.
For the few months that he was in school in Massachusetts, he permitted his child to go and reside with her mother and during the course of his schooling in Massachusetts, he met and ultimately married his present wife. He has taken up residence in Massachusetts and both are employed, the husband earning approximately $37,500.00 as a computer programmer.
Subsequent to his completion of his advanced training at Worcester Polytech, the husband attempted to obtain employment in Connecticut since he wanted in the first instance not to move from this area. He was unable to obtain employment here and was subsequently offered a job utilizing his bilingual capabilities in Massachusetts.
He has stated that the reason that he wishes to move the child to Massachusetts is so that he can provide adequate educational opportunities for her. He and his wife have reserved for approximately one year a place in the Montessori School where they live in Massachusetts and they are ready, willing and able to undertake the full time care of the child herein. CT Page 9741
Although the matter was litigated and is considered to be a case falling under the aegis of Ireland v. Ireland,246 Conn. 413, (1998) the core aspects of the case, although they involve a physical relocation of the child, are not highly destructive of visitation of the mother, since the parties live and will live approximately 1 1/2 — 2 hours driving distance apart.
The court finds that the relocation desired by the husband is for a legitimate purpose, that is a furtherance of his employment potential and that he conducted a reasonable search of Connecticut employment before determining that none was reasonably available to him. It is further concluded that the proposed relocation is reasonable in light of legitimate purpose of the husband in maintaining his present employment which would appear to offer him escalating opportunities in the future. Accordingly, this court determines that the initial burden of proof under the Ireland rationale has been sustained by the father and it now turns its attention to the mother's burden of proof to show that the relocation is not in the best interest of the child. It is further to be noted at this point that the pendente lite order entered by this court that the child remain with her mother pending the outcome of this decision did not embrace or modify the underlying the primary custody rights of the father under the Texas decree.
The court heard testimony from the Family Relations officer who concluded that although he felt that the child's move to Massachusetts would somewhat displace the mother, he failed to make that same conclusion with respect to the traditional displacement of the father should the child remain here in Connecticut. Both parents remain involved with the child and the proposed move will not seriously alter the mother's visitation encompassed under the underlying Texas decree.
The court concludes that the minor child involved herein is well loved by both parents who both present themselves as capable caretakers. The child is bright and well adjusted and has a loving relationship with each of her parents. It may well be that this child is gifted or at least highly endowed and will benefit from a good educational program that the father has arranged for her in Massachusetts.
The father's present wife has been, and intends to remain, very involved in the child's life and will provide adequate CT Page 9742 nurturing for this child along with her natural father while the child is in their custody.
The relocation of this minor child will not severely fracture either parental relationship and its main characteristic is that it will bring about a modified visitation program. Each parent will continue to spend substantial time each month with their child.
The evidence fails to alert this court of anything other than the usual vicissitudes of the lives of separated parents that presents a factor in the life of this child that would not be in her best interest. In the Texas decree, these parents dealt with their family in such a way that resulted in the father being the primary custodian with liberal contact with the mother.
The result reached herein is not inconsistent with the family panorama that emanated from the Texas decree.
The new family unit that the father has acquired will provide financial and emotional stability for this minor. The present Mrs. Cintron has cooperated in holding a school place in the Montessori School for this minor child for past year and has been presented in a positive light in connection with her relationship with the child to this court.
The natural father's economic situation has greatly improved and the child can continue to have substantial relationships with her extended family which include both sets of grandparents here in Connecticut. Accordingly, the court finds that it is in the best interest of this child that she be allowed to remain with her father in Somerville, Massachusetts. Accordingly, the primary custody of the child being granted to the father who will be in residence in Somerville, Massachusetts and the court orders that reasonable rights of visitation be accorded to the mother as follows:
 1. the mother shall have alternate weekend visitation with the child from 7:30 p. m. on Friday evening until the child being returned home on or before 7:30 p. m. on Sunday evening. The parents shall equally share in providing transportation for all visitation periods encompassed in this order;
2. the parties shall alternate annually each holiday CT Page 9743 recognized by the State of Connecticut;
 3. the parties shall adjust their weekend visitation schedule so that this child spends Father's Day weekend with her father and Mother's Day weekend with her mother;
 4. the parties shall reasonably alter the usual visitation schedule such that each has a reasonable and equitable period of time with the child close to her birthday;
 5. commencing no later than one week after school officially ends, the child shall spend five consecutive weeks with her mother during this vacation period. The father shall have weekend visitation as aforementioned with the child on the second and fourth weekend; and
 6. thereafter, for the remaining school vacation period, the youngster shall reside with her father and the mother will resume the usual alternating weekend vacation schedule after the passage of two weekends with her father.
Although the court, at the conclusion of the hearing, extended to the parties the request that they work out a mutually acceptable visitation program, it having been indicated to them at the time of the hearing that the court would grant permission to relocate the child with her father. The parties have failed to submit such a schedule to this court.
Both parties are to file financial affidavits with the attorney for the child who will transmit them to the court within ten days from the date of this decision. The court will then enter a subsequent order allowing or finding a reasonable attorney's fee for the child and ordering the payment thereof.
It is so ordered.
HIGGINS, J.